UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE LYNCH**

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>-against-<br><br>SERVICES FOR THE UNDERSERVED, INC., a New York corporation,<br><br>Defendant. | CIVIL ACTION NO.  07 CIV 6478<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>Plaintiff demands Trial by Jury<br><br>ECF CASE |



Plaintiff, Philadelphia Indemnity Insurance Company, by and through its attorneys, Marshall, Conway, Wright & Bradley, P.C., as and for its complaint alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 concerning the rights and obligations under an insurance policy in relation to a personal injury claim.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because this action arises between citizens of different states and meets the jurisdictional requirement for the amount in controversy.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue in this District is proper under 28 U.S.C. § 1391(a)(1) because the defendant maintains its principal place of business in this District.

## PARTIES

5. Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), is a corporation authorized and existing under the laws of the State of Pennsylvania with its principal place of business located at One Bala Plaza, Bala Cynwyd, Pennsylvania.

6. Defendant, Services for the UnderServed, Inc. ("SUS"), is a corporation authorized and existing under the laws of the State of New York with its principal place of business located at 305 Seventh Avenue, New York, New York.

## GENERAL ALLEGATIONS

7. Philadelphia issued Policy No. PHPK170984 (the "Policy") to SUS for a policy period from May 31, 2006 to May 31, 2007. The policy provides general liability coverage in the amount of $1,000,000 per occurrence.

8. The relevant terms and conditions of the Policy include the following:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties in the Event of Occurrence, Offense, Claim or Suit**

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, which may result in a claim. To the extent possible notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

**SECTION V – DEFINITIONS**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

9.  On September 20, 2006, Mr. Glendon Young fell down a flight of stairs at a residential treatment facility operated by SUS.

10. Mr. Young has been unconscious, comatose and paralyzed since falling down the flight of stairs until the present and remains hospitalized in an intensive care unit.

11. By letter dated April 4, 2007, counsel for Mr. Young wrote to SUS demanding $2,000,000 plus medical expenses as compensation for the injuries suffered by Mr. Young.

12. In the April 4, 2007 letter, counsel states the Mr. Young's injuries "are a result of [SUS's] actions or inactions, negligence and/or failure to monitor or properly monitor, or failure to maintain the facility."

13. In the April 4, 2007 letter, counsel states that he is authorized to commence legal proceedings against SUS for Mr. Young's injuries if the matter were not resolved within two weeks from the date of the latter, such that suit against SUS has been filed or is imminent.

14. SUS has asserted that it has rights under the Policy in relation to Mr. Young's injuries.

15. SUS first provided notice to Philadelphia concerning Mr. Young's accident on or about April 12, 2007, more than seven months after the "occurrence."

15. Mr. Young's accident was recorded on videotape by a surveillance camera operated and controlled by SUS.

16. By the time SUS provided its first notice to Philadelphia concerning Mr. Young's accident, SUS had caused or permitted the videotape recording of Mr. Young's fall to be destroyed.

17. As a condition precedent, the Policy obligated SUS to provide notice of the occurrence to Philadelphia "as soon as practicable," which SUS failed to do.

18. The failure by SUS to give notice of the occurrence as required by the Policy is particularly egregious given the serious nature of Mr. Young's injuries.

19. Moreover, in this instance, SUS's failure to give the required notice, deprived Philadelphia of the opportunity to, among other things, examine the videotape recording showing the circumstances surrounding Mr. Young's fall as part of its investigation.

20. By reason of the foregoing, plaintiff is not obligated to defend SUS, indemnify SUS, or make any payments on behalf of SUS with respect to any claim made or suit brought by

4

or on behalf of Mr. Young seeking recovery for the accident on September 20, 2006.

21. An actual controversy exists between the parties as to their rights and obligations under the Policy.

22. Circumstances exist that justify a determination by this Court, pursuant to 28 U.S.C. 2201, of the rights and obligations of the parties under the Policy and that determination will be beneficial to both plaintiff and defendant.

23. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue a declaratory judgment that:

(a) Plaintiff is not obligated to defend SUS with respect to any claim made or suit brought by or on behalf of Mr. Young relating to the accident on September 20, 2006; and

(b) Plaintiff is not obligated to indemnify SUS with respect to any claim made or suit brought by or on behalf of Mr. Young relating to the accident on September 20, 2006; and

(c) Plaintiff is not obligated to make any payments on behalf of SUS with respect to any claim made or suit brought by or on behalf of Mr. Young relating to the accident on September 20, 2006; and

(d) Grant Plaintiff such other and further relief as this Court may deem just, proper, and equitable under the circumstances together with the costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable in this cause.

Dated: July 17, 2007
      New York, New York

                                            MARSHALL, CONWAY,
                                            WRIGHT & BRADLEY, P.C.

                                            By: Christopher T. Bradley (CTB 4725)
                                            116 John Street
                                            New York, New York 10038
                                            (212) 619-4444

                                            Attorneys for Plaintiff
                                            Philadelphia Indemnity
                                            Insurance Company